UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                **ORDER**
                                Criminal File No. 3:95-24 (MJD/JGL)

(1) ALEXANDER FAULKNER,

    Defendant.
_____

Jeffrey M. Bryan, Assistant United States Attorney, Counsel for Plaintiff.

Andrew H. Mohring, Office of the Federal Defender, Counsel for Defendant.
_____

      This matter is before the Court on Defendant Alexander Faulkner's Pro Se Motion for Reconsideration.  [Docket No. 717]  Faulkner requests that the Court reconsider its June 9, 2008 Order reducing his sentence from 300 to 230 months under 18 U.S.C. § 3582(c)(2).  [Docket No. 716]  Faulkner now requests that the Court reduce his sentence to 210 months

      First, the Court does not consider pro se motions filed by represented parties.  Faulkner has been and continues to be ably represented by his attorney,

Assistant Federal Defender Andrew Mohring.  Second, even if the Court considers the Memorandum in Support of pro se Motion for Reconsideration [Docket No. 718] filed by Faulkner's counsel on June 23, 2008, as a motion for reconsideration, the Court is without jurisdiction to decide that motion because the motion was filed more than 7 business days after the sentencing, which prevented the Court from acting within 7 days after sentencing.

The Court does not have jurisdiction to decide a motion for reconsideration of a sentencing unless resentencing is authorized under 18 U.S.C. § 3583.  United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000).  The only potentially applicable ground found in § 3582 is a correction of the sentence under Federal Rule of Criminal Procedure 35(a), which provides: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Faulkner's attorney's submission was filed more than 7 days after sentencing, not counting intermediate weekend days and holidays, preventing the Court from issuing any resentencing within 7 days after sentencing.

Moreover, the Court concludes that there are no grounds for correction of Faulkner's sentence.  There is no allegation of an arithmetical or technical error.  The Court concludes that no other clear error exists.  As the Court indicated at

sentencing, not only was the sentence of 230 months, which was a 36 percent departure from the applicable Guideline range, the statutorily correct sentence, but it was the appropriate sentence under the Court's exercise of its discretion.

**IT IS HEREBY ORDERED** that:

Pro Se Motion for Reconsideration [Docket No. 717] is **DENIED**.


Dated:  July 17, 2008            s / Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court